### Richmond

## Town of Vinton, et al.[1]

### v.

## Falcun Corporation and Fralin & Waldron, Inc.

September 9, 1983.

Record No. 810335.

Present: All the Justices.

---

[1] The other appellants are Charles R. Hill, Mayor of the Town of Vinton; and Robert A. Altice, Roy G. McCarty, Jr., James W. Reynolds and Jack L. Shelton, Members of the Vinton Town Council.

*Robert E. Eicher (Frederick T. Gray; W. Scott Street, III; Frank G. Selbe, III; Williams, Mullen, Christian, Pollard & Gray*, on briefs), for appellants.

*William B. Poff (Michael A. Cleary; Woods, Rogers, Muse, Walker & Thornton*, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

This is an appeal by a municipality from a judgment which invalidated an ordinance amending local zoning laws. The dispositive question is whether the municipality had authority to adopt the ordinance as an emergency measure without notice, public hearings, and referral to its planning commission.

Fralin & Waldron, Inc. (F & W), held a purchase option on a 130-acre tract of land owned by Falcun Corporation. Effective May 21, 1975, the Town of Vinton zoned the land R-2, a classification permitting multi-family dwelling units. On March 2, 1979, in response to a solicitation by the Department of Housing and Urban Development (HUD), F & W submitted a proposal for developing a 50-unit housing project for low-income families. The Fifth Planning District Commission conducted an environmental impact study and, in May, approved the project. By letter dated August 16, Town Manager Ronald H. Miller assured HUD that the Town's water, sewer, and solid waste disposal systems "adequately serve the proposed occupants", that the impact on existing or planned community facilities and energy resources would be minimal, and that "this type of housing is needed and will serve our community well."

HUD approved the project, and F & W applied to the Virginia Housing Development Authority for construction financing. The Authority referred the request to the Town for review. According to the minutes of a meeting held by the Town Council on December 18, 1979, the Town's Mayor announced that he "had received numerous calls opposing the development" and that "any decision . . . would be deferred until the next meeting on January 15th." At that meeting, Council voted to disapprove the project and adopted a motion instructing the Town Attorney "to prepare an ordinance to prohibit the issuance of any building permits for a complex of 10 or more units without approval from Council."

The attorney drafted the ordinance as requested. At the foot of the text, the draft provided: "BE IT FURTHER ORDAINED

that an emergency exists and this Ordinance be in force and effect upon its passage." At its regular meeting on February 5, 1980, Council enacted the draft as Ordinance No. 400. It did so on first reading, without benefit of notice, public hearing, or review by the Town's planning commission.

F & W completed the plans and specifications required under HUD's conditional commitment for mortgage insurance and applied to Town Manager Miller for a building permit as provided in § 4-12 of the Vinton Town Code. Pursuant to Ordinance No. 400, Miller referred the application to Council for approval. On July 15, 1980, Council voted to deny the permit.

F & W filed a bill of complaint against the Town and its officials, asking the court to declare the ordinance invalid and to require the responsible administrative officials to process the permit application without intervention by Council. The trial court heard evidence *ore tenus*, considered memoranda of law filed by the parties, and issued a letter opinion. Among other things, the court found that Ordinance No. 400 had not been adopted in compliance with the notice, hearing, and referral procedures required by law. By final decree incorporating the letter opinion, the court declared that the ordinance was "null and void" and "enjoined and directed" the Town "to process plaintiffs' building permit application . . . through the regular administrative or ministerial channels by requiring only that plaintiffs comply with the usual ordinances and ministerial requirements".

On appeal, the Town argues that "an ordinance adopting a zoning policy is valid when it is enacted as an emergency measure under the Town Charter without complying with the notice, hearing, and referral provisions of the zoning statutes and the zoning ordinances." We reject that argument.

■ Code §§ 15.1-491 and 15.1-493 prescribe the procedures to be followed when a local government proposes to enact a zoning ordinance or adopt an amendment to such an ordinance.

First, the governing body must initiate the proposal by adopting a written resolution stating the underlying public purpose. § 15.1-491(g).

Second, the proposal must be referred to the local planning commission for review. § 15.1-493.

Third, the commission must give public notice pursuant to the provisions of § 15.1-431, conduct a public hearing, and report its recommendations to the governing body. § 15.1-493.

Fourth, upon receipt of the commission's report, the governing body must give public notice and conduct its own public hearing.[2] § 15.1-493.

By complying with these procedures, the governing body acquires the same authority to act upon a zoning proposal as it has to act upon other legislative matters. § 15.1-493.

■ When Council enacted the Town's basic zoning ordinance, it incorporated the same procedural standards mandated by the enabling statutes. Vinton Zoning Ordinance, Art. 13, §§ 1-1, 1-2 and Art. 14, §§ 1-1(b), 1-1(e). The Town concedes that it enacted Ordinance No. 400 without complying with these standards. It contends on appeal, however, that the procedure it followed was authorized by the Town Charter and, hence, that the trial court erred in its ruling.

■ The Town points out that the charter granted by the General Assembly vested Council with legislative authority to adopt emergency measures. That authority, recognized parenthetically in section 12(b) of the charter, Acts 1936, c. 423; Acts 1956, c. 263; Acts 1972, c. 271 (repealed by Acts 1981, c. 618), is found in section 13 which reads in pertinent part:

(a) No ordinance passed by the council shall take effect until at least thirty days from the date of its passage except that the council may . . . pass emergency measures to take effect at the time indicated therein.

(b) An emergency measure is an ordinance for the immediate preservation of the public peace, property, health or safety, or providing for the daily operation of a municipal department. The emergency shall be stated in every such measure. . . .[3]

Acts 1936, c. 423; Acts 1956, c. 263 (repealed by Acts 1981, c. 618). This authority, the Town says, extends to the adoption of all ordinances, "whether zoning or otherwise".

---

[2] The enactment process may be expedited if the governing body and the commission agree to hold a joint public hearing pursuant to notice issued by the governing body alone. § 15.1-431.

[3] We question whether Ordinance No. 400 satisfies this definition, but for purposes of this opinion, we will assume that it does.

Since the charter does not condition emergency authority upon procedural requirements, the Town asserts that the charter conflicts with the procedural provisions of Code §§ 15.1-491 and 15.1-493 governing the adoption of zoning ordinances. Invoking the language of Code § 15.1-501 which states that "[n]o provision in any municipal charter in conflict with this chapter shall be affected hereby", the Town argues that "the procedure for emergency measures under the Vinton Charter which does not require notice, hearing and referral to a planning commission, predominates over [the zoning statutes]."

We find no conflict such as the Town perceives. The charter and the zoning statutes are the work of a common author. The General Assembly wrote specific procedural requirements into the Commonwealth's enabling zoning statutes. The General Assembly wrote the charter granting the Town certain emergency legislative powers. Nothing in the charter supports the inference the Town urges concerning the scope of those powers; section 13(a) merely authorizes Council to advance the effective date of an ordinance lawfully adopted.

The General Assembly could have enlarged the emergency legislative powers by expressly exempting the Town from the procedural requirements of the zoning statutes. It did not do so, and we do not attribute the omission to legislative inadvertence. Indeed, considering the due process implications, we believe the omission was purposeful.

In our view, the General Assembly intended that the power granted the Town to accelerate the effective date of a zoning ordinance should arise only after it has been adopted in compliance with all the procedural safeguards built into the enabling statutes. Construing the charter and the zoning statutes to "give force and effect to each", *Scott* v. *Lichford*, 164 Va. 419, 422, 180 S.E. 393, 394 (1935), we hold that Ordinance No. 400 was not adopted in the manner required by law, and we will affirm the judgment.

*Affirmed.*