## CIRCUIT COURT OF STAFFORD COUNTY

Thomas Davis, Jr.,
Robert W. Davis,
and Mary Bowling

 v.

Stafford County Board of Supervisors
and Aquia Marina, Inc.

March 14, 1990

Case No. (Chancery) 674-89

By JUDGE JAMES W. HALEY, JR.

This cause seeks by application of the Declaratory Judgment Act and/or § 15.1-499 to set aside the grant of a special use permit on June 21, 1988.

Complainants are owners of "abutting property and [or] property immediately across the street . . ." from the property for which the special use permit was granted. They allege they received no written notice of the June 21, 1988, meeting as it required by § 15.1-431.[1]

The prayer for relief erroneously refers to the June 21, 1988, action as Resolution 89-19, a February 7, 1989, hearing concerning the same property. It is clear from the pleadings, memoranda, and oral argument, however, that Resolution R88-75 is the proper designation of the Board action of June 21, 1988, and is the one about which the parties contend.

---

[1] Section 15.1-431 reads in part: "[to such owners] . . . written notice shall be given . . . at least five days before the hearing . . ."

The Board and owner of the subject property have moved the Court to dismiss this cause on several grounds, each of which will be considered *seriatim.*

I. Defendants maintain that even if the notice preceding the adoption of R88-75 were defective,[2] the same was cured by action of the Board on September 19, 1989, at which R88-75 was reenacted, reaffirmed, and amended by Resolution R89-492. In short, they argue, the September 19, 1989, hearing on R89-492 reopened for consideration the propriety of granting the special use permit in the first place.

The complainants concede that the *procedure of notice* preceding R89-492 was proper as to them but contend that the *scope of that notice* by its terms limited the Board's action to amending R88-75 and, as a consequence, did not cure notice defects preceding the grant of the original special use permit by R88-75 on June 21, 1988.

The contrast in notices is summarized as follows:

*Written Notice.*

1A. "to consider the request . . . for a special use permit . . . for a marina as a non-listed use in any zoning district." (6/21/89 - R88-75).

1B. "for an amendment to conditions of a special use permit previously granted . . ." (9/19/89 - R89-492).

*Newspaper Notice.*

2A. "a resolution to grant a special use permit for a marina expansion and restaurant as a non-listed use in any zoning district . . ." (6/21/89 - R88-75).

2B. "amendment to special use permit . . . pertaining to the required width of the off-site access road . . ." (9/19/89 - R89-492).

---

[2] Defendants do not concede the complainants were so situated as to require written notice or, if they were so situated, did not receive proper notice.

*Staff Memo to Board.*

 3A. "to consider the request for a special use permit for a marina expansion and restaurant . . ." (6/21/88 - R88-75).

 3B. "request for amendment to conditions of special use permit . . ." (9/19/89 - R89-492).

In 82 Am. Jur. 2d, *Zoning and Planning*, § 53, Notes 8-10, p. 473, the commentator states:

> Statutes requiring that notice be given preceding the adoption or amendment of a zoning law are generally construed as requiring a notice, the contents of which reasonably apprise those interested that the contemplated action is pending. The courts generally approach the notice from the point of view of the layman and hold that while it need not be complete and perfect in every respect, it must be such as will afford him an opportunity to oppose the measure if he desires. Its content, for example, should be sufficiently specific to warn the recipient that he may be affected by the contemplated action and a notice deficient in this respect will be treated as no notice at all.

 The notice provisions set forth in §§ 15.1-431, 15.1-493, and 15.1-496 are mandatory conditions precedent to the exercise by the governing body of zoning powers. *Town of Vinton v. Falcun Corp.*, 226 Va. 62, 66-67, 306 S.E.2d 867, 869 (1983). Though notice need not be exact or precise and some disparity between the notice and the legislative act is permissible, nonetheless proper notice in a zoning matter requires "that parties in interest and citizens . . . be apprised of the proposed changes to be acted upon so they can be present to state their views." *Ciaffone v. Community Shopping Corp.*, 195 Va. 41, 50, 77 S.E.2d 817, 822 (1953). *See also, Lawrence Transfer and Storage Corp. v. Board of Zoning Appeals*, 229 Va. 568, 331 S.E.2d 460 (1985).

 Virginia courts have held the notice provisions in zoning matters are properly comparable to those in condemnation proceedings and the promulgation of rules

by the State Corporation Commission. *Blankenship v. City of Richmond*, 188 Va. 97, 101-102, 49 S.E.2d 321, 323 (1948).

In *Schmidt v. City of Richmond*, 206 Va. 211, 217, 142 S.E.2d 573, 577-578 (1965), the court noted that proceedings to condemn were "wholly statutory and . . . must be strictly construed and followed . . ." and even though condemnees were in default, they had not waived their statutory right to notice of subsequent proceedings. The court concluded by quoting from *Walker v. City of Hutchinson*, 352 U.S. 112, 115, 77 S. Ct. 200, 202, 1 L. Ed. 2d 178 (1956), that "the right to a hearing is meaningless without notice . . ."

In *American Bankers etc. v. Division of Consumer Counsel, etc.*, 220 Va. 773, 787-788, 263 S.E.2d 867, 875-876 (1980), the court stated:

> While we have not previously resolved whether the [State Corporation] Commission may promulgate a rule differing from its proposed rule without triggering an additional round of notice and comment, we believe that *Ciaffone* . . . [citation omitted, *see supra*] . . . provides guidelines on this issue . . . the Commission is not required . . . to provide additional notice . . . where the changes in the promulgated rule, even if substantial, do not enlarge the proposed rule's subject matter.

In this cause, the defendants *seek to do precisely* that which the Court in *American Bankers* forbade, that is, to "enlarge" the matters covered by notice. It is clear that the notice preceding the adoption of R89-492 on September 19, 1989, would not apprise a citizen or a party in interest that at that hearing he could challenge the propriety of the original grant of the special use permit on June 21, 1988.

Accordingly, the motion to dismiss on this basis is denied.

II. The Board and owner have moved the Court to dismiss the instant action on the grounds that it is duplicative of four other actions filed concerning the grant of the original special use permit and its amendments

and/or that the instant complainants are barred by the doctrine of *res judicata* or *collateral estoppel.*

The only case involving the instant complainants was *Hayes, et al. v. Board, et al.*, Chancery 107-89, in which they were permitted to intervene by order entered July 6, 1989, as "parties . . . similarly situated to the other complainants . . . ."

By order entered on June 5, 1989, the Court denied complainant's motion in Chancery 107-89 to amend the bill to allege lack of notice required by § 15.1-493 prior to adoption of R88-75 on June 21, 1988.

While it is true the instant complainants became parties in Chancery 107-89, it is clear the issue raised in the instant case, lack of notice prior to the adoption of R88-75 on June 21, 1988, was specifically *not* decided in Chancery 107-89.

As the Court in *Patterson v. Anderson*, 194 Va. 557, 564, 74 S.E.2d 195 (1953), stated: "It is essential . . . that the identical issue sought to be relitigated has been settled by a valid final judgment in a [prior] proceeding . . . ."

Fleming James, Jr., writes:

> The party who claims the benefit of collateral estoppel has the burden of proving . . . that the very . . . point now in issue was in the former action (1) litigated by parties; (2) determined by the tribunal; and (3) necessarily so determined. Fleming James, Jr., *Civil Procedure*, §§ 11.18-11.19, pp. 576-579 (1965 ed.).

Accordingly, the motion to dismiss as duplicative and/or barred is denied.

III. The Board and owner move to dismiss on the grounds this action is barred by § 15.1-493(G) which reads:

> Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within thirty days of such decision with the circuit court having jurisdic-

tion of the land affected by the decision. However, nothing in this subsection shall be construed to create any new right to contest the action of a local governing body.

It should be noted that the instant complainants concede that the action taken by the Board on September 19, 1989, in adopting R89-492 was prefaced by all proper notice. Indeed, an order in Chancery 107-89 on November 6, 1989, recites "that defendant Stafford County has adopted, upon proper procedure, Resolution R89-492 . . . ."

The original grant of a special use permit by action of the Board on R88-75 on June 21, 1988, contained certain conditions, one of which (Condition 6) was that the access road to the marina be twenty feet wide as required by the county zoning ordinance. This access was provided by an easement favoring the marina proponent over property owned in fee or abutted by complainants. This easement was less than twenty feet wide and proponents were unable to expand the same by purchase. As such, they requested the twenty foot wide requirement be waived and reduced to fifteen feet, which was the subject of and accomplished by R89-492 adopted on September 19, 1989.

For some reason, inexplicable, complainants never "contested . . . the decision of the local governing body . . . [in granting R89-492] . . . within thirty days . . ." [of September 19, 1989], even though the grant of amendment to Condition 6 was a condition precedent to the operation of marina at all.

The complainants in the instant case likewise never followed the provisions of § 15.1-493(G) when the original special use permit was granted on June 21, 1988, by R88-75.

Their excuse for the latter failure is that they did not receive proper notice of the June 21, 1988, meeting as required by § 15.1-431 and that alleged failure is the basis of the instant case asking the Court to hold void the action of the Board on June 21, 1988.

We have followed the general rule that the applicable period of limitations begins to run from the moment the cause of action arises rather than from the time of discovery of injury or damage, and we have said that difficulty in

ascertaining the existence of the cause of action is irrelevant. *Virginia Military Institute v. King*, 217 Va. 751, 759, 232 S.E.2d 895, 899 (1977), citing *Housing Authority v. Laburnum Corp.*, 195 Va. 827, 838, 80 S.E.2d 574, 580-81 (1954).

In *Horn v. Abernathy*, 231 Va. 228, 235, 343 S.E.2d 318 (1986), a wrongful death action under the Medical Malpractice Act, the Court in upholding a plea of the appropriate statute of limitations stated:

> Pursuing her complaint of lack of notice, Horn argues that "the act is plainly unconstitutional as applied in this case" because "due process requires that a person be given reasonable notice and a reasonable opportunity to be heard . . . before any binding decree can affect his rights." The right to which she refers is her procedural right to prosecute a cause of action.
>
> The Act itself gave plaintiff fair notice affecting the right to file suit.

Finally, in oral argument complainants maintain that if a notice required by § 15.1-431 is not proper, then there is no statute of limitations of any nature barring a person entitled to notice from challenging the zoning action of a Board of Supervisors at any time thereafter -- be it ten, twenty, or fifty years later. Such a result would be absurd. *See Lavery v. Automation Management Consultants*, 234 Va. 145, 147, 360 S.E.2d 336 (1987).

In accordance with the foregoing, the motion to dismiss based upon the provisions of § 15.1-493(G) is granted.

IV. The Board and the owner have moved to dismiss on the grounds of laches.

Most recently, the Virginia Supreme Court had occasion to restate its position on laches. In *Murphy v. Holland*, 237 Va. 212, 377 S.E.2d 363, 364-365 (1989), the Court opined:

We first consider whether the trial court erred in overruling Murphy's plea of laches. Concerning such a plea, we said in *Morris v. Mosby*, 227 Va. 517, 317 S.E.2d 493 (1984):

When a trial court considers the defense of laches, it does not apply an absolute rule such as a statute of limitations, but instead, the court examines each case in light of the particular circumstances. Therefore, whether under the circumstances of a given case a claim is barred by laches is primarily a decision resting within the discretion of the trial court. Absent an abuse of discretion, its decision will not be disturbed on appeal.

*Id.* at 521, 317 S.E.2d at 496 (citations omitted). And in *Hamilton v. Newbold*, 154 Va. 345, 153 S.E. 681 (1930), we said:

[L]aches or delay, in order to be effectual as a bar to the party [against whose claim the defense of laches is asserted], must be accompanied with circumstances and facts showing an intention on his part to abandon the [claim]. [The delay] must be unreasonable and injurious to the other party.

*Id.* at 351, 153 S.E. at 682.

The Court does not believe the facts in the instant case meet the criteria set forth above, and accordingly, the motion to dismiss on the grounds of laches in denied.