8

## CIRCUIT COURT OF TAZEWELL COUNTY

William D. Evans et al.

v.

Town of Bluefield et al.

May 18, 1990

Ended File No. 11-034

By JUDGE NICHOLAS E. PERSIN

Upon a review of the Memoranda and the argument before the Court of April 10, 1990, the Special Plea in Bar of the defendant, Town of Bluefield, is overruled.

There is no authority for zoning by local governing bodies other than that granted by the General Assembly. The written notice requirement of § 15.1-431 of the Code of Virginia, as amended, is mandatory.

In the case of *Town of Vinton v. Fulcun Corporation*, 226 Va. 62 (1983), the Supreme Court at pp. 65-66 lists the prerequisites to a rezoning act:

> Code §§ 15.1-491 and 15.1-493 prescribe the procedures to be followed when a local government proposes to enact a zoning ordinance or adopt an amendment to such an ordinance.
>
> *First*: The governing body must initiate the proposal by adopting a written resolution stating the underlying public purpose. Section 15.1-491(g).
>
> *Second*: The proposal must be referred to the local planning commission for review. Section 15.1-493.

*Third*: The commission must give public notice pursuant to the provisions of § 15.1-431, conduct a public hearing, and report its recommendations to the governing body. § 15.1-493.

*Fourth*: *Upon receipt of the commission's report, the governing body must give public notice and conduct its own public hearing.* Section 15.1-493. (Emphasis added.)

The Town of Bluefield argues that the failure to send notices to property owners was cured by the saving provision of § 15.1-431 of the Code of Virginia, which provides:

> Nothing in this paragraph shall be construed as to invalidate any subsequently adopted amendment or ordinance because of inadvertent failure by the representative of the local commission to give written notice to the owner, owners, or their agent, of any parcel involved.

The Court disagrees. Section 15.1-431 requires notice to be mailed to *each* parcel involved, while the saving provision applies to an inadvertent failure *to* mail *to* the owner of *any* parcel involved.

Under the rules of statutory construction, it is presumed the General Assembly meant two different things when it used two different terms in the same act. *Klarfeld v. Salsbury*, 233 Va. 277 at 285 (1987). By failing to provide the legal notice to the parties entitled thereto, the Town of Bluefield had no authority or jurisdiction to rezone the subject property. Since there was no valid act by the Town of Bluefield, the thirty-day limitation period of § 15.1-493(g) does not apply. As a result of the Court's ruling, the property in question reverts to an unzoned status.

Without a valid zoning ordinance, the Town of Bluefield argues that the property owners would have an absolute, unfettered right to a building permit for anything they choose to put on the property, thereby rendering the plaintiffs' request for injunctive relief moot. It also argues that Tazewell County is a necessary party to the proceeding because the County issues the building permit. Plaintiffs

assert that Tazewell County is not a necessary party and that the Court should find it is simply acting as an agent of the Town because it is merely the entity that would grant the building permit upon application. Again, the Court disagrees. Tazewell County is a necessary party to the Bill of Complaint and must be named. Furthermore, in light of the Court's declaration that the failure to send notice renders the subject property to the unzoned classification, a review of the pleadings in the Bill of Complaint and the relief requested therein convinces the Court that the Demurrer of the defendant, Town of Bluefield, should be sustained.

The Court will require detailed pleadings with reference to specific ordinances of the Town that are involved with this unzoned property and that Tazewell County be named a party to the suit. Due to the nature of this controversy, the plaintiffs will be granted only ten days from the date of entry of the order to amend the pleadings.