## CIRCUIT COURT OF LOUDOUN COUNTY

Kay F. Sterrett et al.

v.

Loudoun County
Board of Supervisors et al.

December 4, 1991

Case No. (Chancery) 12938
(Consolidated with Case No. (Chancery) 13760)

BY JUDGE THOMAS D. HORNE

The Court has the opportunity to revisit the pleadings in this case by way of certain pleas in bar, demurrers, and motions filed by the parties. Subsequent to the issuance of the prior letter opinion of this Court on February 22, 1991, Complainants filed an Amended Bill of Complaint challenging the first rezoning of the subject property by the Board of Supervisors of Loudoun County on August 7, 1990. The Amended Bill, as did the original Bill of Complaint in Chancery 12938, alleged, *inter alia*, numerous procedural defects in the process by which the Board sought to amend the County Zoning Ordinance. These defects, complainants suggest, serve to nullify the action of the Supervisors. Subsequent to the letter opinion and filing of the Amended Bill of Complaint in Chancery 12938, the Board on July 2, 1991, "reenacted" the Amendment to the County Zoning Ordinance after a joint public hearing with the Planning Commission. This in turn spawned the filing of a new challenge to the rezoning, Chancery No. 13760. The new chancery action contains

objections to the procedures followed in the reenactment process. These two actions have now been consolidated as Chancery No. 12938 and a Supplemental Consolidated Bill of Complaint containing various challenges to both the original Zoning Ordinance Amendment as enacted as well as to the Reenactment. Responsive pleadings have been filed by the various defendants in this cause.

As noted earlier, complainants have filed with the Court a Supplemental Consolidated Bill of Complaint. This action contests the validity of both the Zoning Ordinance Amendment to the Loudoun County Zoning Ordinance and a subsequent reenactment of the Amendment.

At issue in this consolidated case is the rezoning of approximately 1800 acres of land located near the Town of Round Hill, Loudoun County, Virginia. Complainants claim various interests in land adjacent to, across the road from, or in close proximity to, the property rezoned. Respondents are the governing body of the County and those having an ownership interest in the property rezoned.

On August 7, 1990, the Board of Supervisors of Loudoun County, by a vote of five for and three against, approved the rezoning of the subject property. This rezoning was subject to certain proffers submitted pursuant to the provisions of § 15.1-491(a), Code of Virginia, 1950, as amended, and § 540 of the Zoning Ordinance of Loudoun County. On July 2, 1991, the Board of Supervisors, by a vote of four in favor and three against, "reenacted" the Zoning Amendment of the subject parcel previously rezoned at the August 7, 1990, meeting.

The Court finds it helpful to a consideration of this case to summarize the nature of the complaint of the petitioners and the issues presented by that action. Complainants allege in their Supplemental and Consolidated Bill that the actions of the Board of Supervisors in rezoning the property on August 7, 1990, are invalid for the following reasons:

1. The Planning Commission failed to send a written notice of public hearing concerning the rezoning as required by § 15.1-431, Code of Virginia, as amended. (Count I).

2. The Board rezoned the property to a more intensive use than advertised in the public notices in violation of § 15.1-493, Code of Virginia, as amended. (Count II).

3. The proffers accepted by the Board as part of the rezoning were not signed by the owners as required by § 540.3 of the Zoning Ordinance of Loudoun County. (Count III).

4. The published notice of the public hearing before the Board of Supervisors failed to adequately set forth the proposed Comprehensive Plan densities as required by Section 15.1–493(c), Code of Virginia, as amended. (Count IV).

5. The owners of the property failed to sign, and the Board of Supervisors purported to accept, the proffer statement which was part of the rezoning. (Count V).

6. The Board of Supervisors acted unlawfully and without authority in their exercise of the conditional zoning power granted them by reason of the following: (Count VI).

a. the failure of the Board to make public cost assessments prior to the rezoning as required by Section 1208.2.6 of the Zoning Ordinance of Loudoun County.

b. the failure of the Board to rezone to a PD-H district in conformity with the intensities and in locations in accordance with the proposed residential development element of the Comprehensive Plan as required by § 701.3 of the Zoning Ordinance of Loudoun County.

c. the conditioning of the rezoning by the Board upon certain unenforceable proffers.

7. The action of the Board in approving the rezoning was arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare and is not fairly debatable. (Count VII).

The complainants further allege that as to the action of the Board of Supervisors on July 2, 1991:

8. The Board lacked authority to rezone the property by reason of its failure to send written notice of its joint public hearing with the Planning Commission, to adjoining landowners, including but not limited to Margaret Sterrett as required by § 15.1–431, Code of Virginia, as amended. (Count VIII).

9. The action of the Board of Supervisors in "reenacting" the rezoning (Z Map 89–4) was unreasonable *per se* and invalid as an unlawful and unauthorized exercise of the zoning power granted to the County pursuant to § 15.1–486, Code of Virginia, as amended. (Count IX).

10. The Board acted unlawfully and without authority in its exercise of the conditional zoning power. (Count X).

11. The action of the Board in approving the rezoning was arbitrary and unreasonable, having no substantial relation to the public

health, safety, morals or general welfare and was not fairly debatable. (Count XI).

It is also helpful to review certain of the issues energized by the pretrial pleadings and which require a determination by this Court at this time. These might be summarized as follows:

1. What, if any, of the matters raised in the Supplemental and Consolidated Bill can be finally determined on the pleadings by way of summary adjudication, motion, or plea?

2. What, if any, standing do the parties complainant have to bring this action?

3. Has the Board, in the case of the original rezoning and the reenactment, complied with the procedural prerequisites necessary to the proper exercise of the conditional zoning power delegated to them by the State?

4. In the event the Board has failed to comply with such procedural prerequisites of the enabling statutes, what, if any, affect would such action have on the validity of the rezoning?

5. Has the Board complied with the procedures and requirements of the Loudoun County Zoning Ordinance in acting upon the applications of the defendant landowners?

6. In the event the Board has failed to comply with such procedures or requirements of the County Zoning Ordinance, what, if any, effect would such failure have on the validity of the rezoning?

7. Are the proffers voluntarily submitted by the zoning applicant, as part of the conditional rezoning, valid?

8. What, if any, is the effect on the rezoning of a determination by the Court that such proffers are void, unenforceable, and contrary to the provisions of state law and county ordinance?

9. Are certain complaints suggested by the petitioners barred by reason of their being raised beyond the specific time limitations set forth in § 15.1–493(G), Code of Virginia, as amended?

10. Have sufficient facts been pled to justify this case going forward as a general challenge to the reasonableness of the rezoning?

11. Was it an appropriate exercise of the Board's power to rezone the property through the "reenactment" of the Zoning Ordinance Amendment?

12. If the reenactment was a proper exercise of the zoning authority delegated to the County by the Commonwealth, then have sufficient facts been pled to justify this case going forward on a general challenge to the reasonableness of the rezoning by the reenactment?

13. To what extent did the reenactment of the Zoning Ordinance Amendment render the procedural challenge to the original rezoning moot?

Intertwined with these principle issues are a number of other issues relating to various aspects of the rezoning of this property. Some of these were the subject of the prior letter opinion of this Court. These issues might be summarized as follows:

1. What is the effect of the Comprehensive Plan on both the proper exercise of the zoning power of the Board pursuant to the Loudoun County Zoning Ordinance and the reasonableness of the rezoning?

2. Where a County mandates zoning procedures not required by state enabling legislation, to what extent does a failure to follow such procedures invalidate a rezoning?

3. What, if any, requirements of the Zoning Ordinance may be considered mandatory and which directory within the context of these proceedings?

4. Under what circumstances may the notice requirements, obligatory to a proper exercise of zoning authority delegated to the County, be deemed satisfied although not given in accordance with the enabling legislation?

Prior to a specific examination of the various pleadings filed and under consideration at this time, the Court believes it helpful to make several comments upon significant and novel issues presented by the parties. These have been the subject of extensive, well reasoned, and thoroughly researched memoranda of law and argument by all counsel in this case.

As counsel have observed, this rezoning application (Z Map 89–04) was a conditional rezoning request. That is, pursuant to the more expansive conditional zoning power granted to the County, pursuant to § 15.1–491(a), Code of Virginia, as amended, and incorporated in § 540 of the Zoning Ordinance of Loudoun County, the applicant submitted with its rezoning request certain proffers. These proffers or conditions, when accepted as part of a Zoning Ordinance Amendment, continue, along with the specific regulations provided for the zoning district to which the Ordinance is amended, in "full force and effect" until such time as the zoning of the property is changed under circumstances as set forth in the enabling legislation. Section 15.1–491(a), Code of Virginia, as amended; *Rinker v. City of Fair-*

*fax*, 238 Va. 24 (1989). In adopting such conditions, which then become terms of the rezoning, it is obligatory that such conditions be valid. These conditions, or proffers, may not be inconsistent with state law or local ordinance. Thus, they may not, of themselves, serve to change the regulations for the particular zoning district applicable to the zoning category sought by the applicant in the rezoning process. The Court concurs in my learned colleague's observations concerning such inconsistencies. *See* opinion, Hon. James H. Chamblin, *Clark v. Town of Middleburg*, Chancery No. 12718, Circuit Court of Loudoun County (October 1, 1990).

However, in this case, where there are complaints of procedural irregularities relating to inconsistencies or differences between state law and local ordinance, the Court must examine such differences to determine whether [they] intended the terms of the local ordinance to be mandatory or merely directory.

As the Court observed in its earlier letter opinion, a determination that an individual proffer is invalid need not necessarily undermine the overall reasonableness of a rezoning. Conversely, a finding by a Court that a proffer or series of proffers are invalid may be of such purport as to overcome the presumption of legislative validity which adheres to a rezoning. Similarly, a violation or series of violations of the procedures established by local ordinance may be of such a nature as reflect an abdication of the legislative prerogative, rendering any action by the Board unreasonable as a matter of law. This is not to imply that the well-established prohibition against inquiry into legislative motives does not bar a complaint founded upon such an inquiry.

The Court believes that many of the issues raised present the classic distinction between form and substance. As noted earlier, a careful analysis of the pleadings would warrant a determination as to whether or not the applicable provisions of the Zoning Ordinance are mandatory or directory. In the case of the former, a failure to follow would render the action taken void. This is not true in the case of provisions deemed only directory in nature. Later in this opinion, the Court will address more fully the issue of notice within the context of the pleadings under consideration. Needless to say, it is a significant issue in this case. Inasmuch as the Court has determined to grant

summary judgment to the complainants as to the original rezoning, the court will only briefly address at this point the requirement of written notice under circumstances where the individual complaining of a lack thereof has participated fully in the hearing process. The Court believes this case is distinguishable from the case of *Chang, et al. v. Board of Supervisors,* in Chancery No. 102534 (the Circuit Court of Fairfax County). Even if this is not so, this Court holds that if the objection to notice is interposed by someone who has actual notice, appears, and is given the opportunity to be heard at a public hearing, that objection may not be sustained, even though that person was not "mailed" notice as required by statute. To hold otherwise would render meaningless the intent of the legislature to afford those possessing a special interest in the rezoning an opportunity to be heard by the legislative body. Such an appearance may be deemed a "waiver." In any event, the person has not been prejudiced by such failure to give notice. It is a situation aptly described as *damnum absque injuria.*

Because of the number of pleadings filed, the Court heard argument on the pleadings on two separate days. The Court heard argument on the following pleadings on November 18, 1991:

1. *Plea in Bar of the Board of Supervisors*

The Board seeks to dismiss as moot Counts I, II, III, and IV of the Supplemental Consolidated Bill. These Counts posit a challenge to certain procedural defects in the enactment of the Zoning Amendment. It is suggested that the reenactment cured such defects.

2. *Plea in Bar of Round Hill Associates and Eckles Trust*

These defendants suggest that Counts I, II, III, IV, V and Paragraph 29(D) of Count VI should be dismissed as the reenactment constitutes an absolute defense and bar to the complainant.

3. *Demurrer of Round Hill Associates and Eckles Trust*

In their Demurrer to Count IX, the defendants challenge the sufficiency of the Supplemental Consolidated Bill of Complaint for its failure to state any facts upon which the reenactment might be invalidated.

4. *Motion for Partial Summary Judgment Filed by the Board of Supervisors as to Count VIII of the Supplemental Consolidated Bill*

The Board seeks to have the Court render Summary Judgment for it as to Count VIII concerning the challenge of the complainants to the adequacy of the notice given Margaret Sterrett prior to the July 2, 1991, rezoning.

5. *Motion for Summary Judgment Filed by Complainants with Respect to Counts I, II, III, IV and V of the Supplemental Consolidated Bill of Complaint*

Complainants seek Summary Judgment as to allegations of the invalidity of the Zoning Amendment of August 7, 1990, based upon admitted procedural irregularities.

The Court in *Town of Vinton v. Falcun Corp.*, 226 Va. 62, 65, 66 (1983), summarized the procedural steps necessary to the proper enactment of a zoning ordinance. Section 15.1–491, 493, Code of Virginia, as amended. They are:

> First, the governing body must initiate the proposal by adopting a written resolution stating the underlying public purpose. Section 15.1–491(g) (such a proposal may also be initiated upon motion of the planning commission or landowner's petition).
>
> Second, the proposal must be referred to the local planning commission for review. Section 15.2–493.
>
> Third, the commission must give public notice pursuant to the provisions of § 15.1–431, conduct a public hearing, and report its recommendations to the governing body. Section 15.1–491.
>
> Fourth, upon receipt of the commission's report, the governing body must give public notice and conduct its own public hearing. Section 15.1–493. By complying with these procedures, the governing body acquires the same authority to act upon a zoning proposal as it has to act upon other legislative matters.

Thus, a failure to comply with these procedures, including those relating to notice, serves to undermine the validity of the ordinance. *Town of Vinton v. Falcun Corp., supra.* To the extent that compliance is a predicate to a proper exercise of legislative grant, it is jurisdic-

tional in nature. While a governing body may make additional changes or corrections in a proposed zoning ordinance amendment after a public hearing, it may not rezone to a more intensive use classification other than was contained in the public notice without an additional public hearing after notice as required by statute. Such a requirement as to notice would apply alike to proffers submitted by a conditional zoning applicant. *See, Opinion Attorney General*, pp. 106, 115 (1989); § 15.1–491(a), Code of Virginia, as amended; *Notestein v. Board of Supervisors of Appomattox County*, 240 Va. 146 (1990).

Of the absence of a requirement of additional notice when an amendment affects a rezoning to a less intensive use, it has been said:

> [W]hen the governing body rezones to a use less intensive than the one sought in the subject application, upon which notice of hearing has been given, a second public hearing is not required. This is because as a practical matter, any citizen interested in preventing the less intensive use would or should be present to be heard at the hearing on the request for the more intensive use. *Fairfax County v. Pyles*, 224 Va. 629 (1983).

Notice, necessary to the passage of a zoning amendment involves publication and, in certain cases, mailing of written notice to the owner(s) affected, as well as abutting property owners and owners across the street. Section 15.1–431, Code of Virginia, as amended. Counsel have alluded to the "safe harbor" provisions relating to the sufficiency of notice when mailed in accordance with the requirements of the statute based upon information contained in the tax records. The Court then must consider the position of the parties when tested by these principles.

The Court will sustain the Demurrer to Count IX of the Supplemental Consolidated Bill. As pleaded, this Court suggests that the Board may not as a matter of law "reenact" a Zoning Amendment. A Zoning Ordinance may not only be the subject of amendment but of a reenactment. Section 15.1–493, Code of Virginia, 1950, as amended. Such a reenactment is, however, subject to challenge for the same reasons that an amendment might be contested. The Supplemental Consolidated Bill contains such a challenge. To the extent

that Count IX seeks to explore the motives of the Board, it is likewise demurrable.

The Court will grant the Motion for Summary Judgment filed by the complainants as to Count II of the Supplemental Consolidated Bill of Complaint. By reason of the Court's granting summary judgment based upon the allegations contained in Count II, the Court finds those Counts relating to the initial rezoning of the tract in August of 1990 to have been rendered moot. To the extent that Counts I, III, IV, and V would not have otherwise been rendered moot by the action of the Court as to Count II, they would not be ripe for adjudication on Summary Judgment.

As the complainants assert, the notices for hearings before the Planning Commission and Board of Supervisors make no reference to a rezoning to category PDCH, "Planned Development 2D Commercial Highway." The land use designation in each of the published notices make reference only to a proposed rezoning to PDH-12, "Planned Development Housing." As noted earlier:

> no land may be zoned to a more intensive use classification than was contained in the public notice without an additional public hearing after notice required by § 15.1–431. Section 15.1–493, Code of Virginia, as amended.

As pointed out by the complainants, the rezoning as approved by the Board contained approximately 1800 acres zoned PDH and 13 acres zoned PDCH. A cursory examination of the permitted uses in the PDH and PDCH zoning districts makes it readily apparent that the latter district permits more intensive uses than the former. These differences are pointed out in the complainant's memorandum. Similarly, a comparison of the general descriptions of such districts evidences this distinction. The "Planned Development Housing" district is defined in the Zoning Ordinance of Loudoun County as "a planned development . . . primarily for dwellings and related uses and facilities." Section 701.2(g). The "Planned Development-Commercial Highway" district is described as having been created "to permit the development of a broad range of highway related commercial activities, other than shopping centers, in locations recommended in the Comprehensive Development Plan." Section 710.1.

Accordingly, the Board's failure to follow the procedures requiring notice and a public hearing before adoption of the amendment on

August 7, 1990, rendered the action of the Board void and of no legal efficacy.

The issue of the initial rezoning is not rendered "moot" as defendants assert. It may be noted that, in argument, they continue to assert the validity of the procedures preceding the initial rezoning.

Therefore, the Court will declare the amendment of August 7, 1990, to have been invalid. Thus, this case will go forward on the challenge to the reenactment of July 2, 1991. The procedural steps incidental to the "reenactment" are to be considered on their own merits, as in the reasonableness of the Board's actions. Just as the Board cannot retroactively breathe life into its actions of August 7, 1990, so too it does not automatically follow that they cannot cure past mistakes. Thus, the "reenactment" deserves independent scrutiny under the instant Supplemental Bill. However, complainants are entitled to a determination of the invalidity of the prior amendment. Accordingly, the Plea in Bar of the Board, Round Hill Associates, and the Eckles Trust will be overruled.

The remaining procedural issue to be addressed here involves the Motion for Partial Summary Judgment filed by the Board as to Count VIII of the Supplemental Consolidated Bill. Based upon the admissions of the complainant, Margaret Sterrett, that she had notice of the joint public hearing on July 2, 1991, attended and participated in the hearing, and delivered a written statement for the Board's and Commissioner's consideration, the Court rejects her challenge to the adequacy of the notice given to her of the July 2, 1991, hearing. The Court believes this issue to be controlled by *Bradley v. Richmond*, 110 Va. 521 (1910). This is consistent with the legislative intent of providing a forum for discussion and debate prior to enactment. This ruling does not apply to any "others" as set out in the Supplemental Complaint.

As has been noted earlier, the cases make clear that the notice requirements are to encourage informed public comment in the legislative process. Assuming the notice to be deficient, actual notice and active participation may assuage prejudice to an individual who has thus availed himself of the "privilege or advantage given them to make their opinions known to the legislative body." *Bradley, supra*, at 523. Accordingly, the court will grant the motion of the Board for Partial Summary Judgment as to Count VIII of the Supplemental

Consolidated Bill and dismiss so much of the claim as relates to the notice given to Margaret Sterrett.