## CIRCUIT COURT OF MADISON COUNTY

Town of Madison

v.

Carol W. Ford

October 25, 1996

Case No. Chy. 2745

BY JUDGE LLOYD C. SULLENBERGER

In this suit by the Town of Madison to enjoin Carol Ford's alleged violation of the Town zoning ordinance, Ford has filed a special plea asserting that the zoning ordinance was improperly enacted on October 25, 1972, and is therefore void and unenforceable. At a hearing on the plea, certain documents were received by stipulation, including the only one the court now finds relevant: a copy of the minutes of a special meeting of the Town council held October 25, 1972.

Ford asserts that the Town Council did not comply with the second paragraph of Art. VII, § 7, of the Constitution of Virginia (1971), which provides:

> On final vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded.

The minutes of the October 25, 1972, Madison town council meeting state that all members were present without stating the names of the members or even the number of members. The minutes further state that on motion, seconded, the zoning ordinance as presented was unanimously adopted.

The Town contends that the second paragraph of Art. VII, § 7, pertains only to fiscal ordinances and resolutions as does the first paragraph of § 7.

While it does not appear that a Virginia appellate court has directly held that the second paragraph of § 7 applies to all ordinances and resolutions adopted by the governing bodies of localities, in *Fairfax County v. South-*

*ern Iron Works*, 242 Va. 435, 446 (1991), the Virginia Supreme Court, finding that a Fairfax County zoning ordinance amendment had been validly enacted even though its full text was not contained in certain materials furnished to members of the Board of Supervisors, commented that Art. VII, § 7, restricted the form of an ordinance only in that on a final vote the name of each member voting and how he voted shall be recorded.

This court concludes that the second paragraph of Art. VII, § 7, applies to the adoption of all ordinances and resolutions by the governing body of a locality. See 2 Howard, *Commentaries on the Constitution of Virginia* 847 (1974) ("By its express terms, § 7 applies to all ordinances and resolutions passed by a governing body and is not restricted to those fiscal ordinances enumerated in the first paragraph"); *Report of the Commission on Constitutional Revision* 236 (1969) ("The second paragraph [of Art. VII, § 7] is new. It requires the recording of names of members of the governing body and how they voted on any. final action taken by the governing body."); 1971-72 A.G. Opinions 42-43.

Since Art. VII, § 7, applied to the adoption of the zoning ordinance by the Madison town council in 1972, did the council comply with its requirements?

The court has found no Virginia appellate case discussing what is required to comply with the second paragraph of § 7. A Virginia circuit court has held that an ordinance was validly adopted when the minutes of the meeting of the governing body stated which members were present at the meeting and that the ordinance was adopted unanimously. *Commonwealth v. Payne*, 36 Va. Cir. 227 (1995). The Attorney General has opined that minutes which show the names of the members of the governing body who are present and that adoption of the ordinance was unanimous would comply with § 7. See 1971-72 A.G. Opinions 35-36; 1973-74 A.G. Opinions 84-85; 1974-75 A.G. Opinions 39-40.

This court concludes that since the minutes in question do not set forth the names of the council members in attendance, the statements that all members were present and that the zoning ordinance was unanimously adopted do not comply with the constitutional requirement of the second paragraph of Art. VII, § 7.

Having so concluded, is the court required to declare the zoning ordinance void *ab initio*?

A zoning ordinance which does not meet procedural requirements is void *ab initio*. In *Town of Vinton v. Falcun Corp.*, 226 Va. 62 (1983), the Virginia Supreme Court construed a zoning ordinance of the town of Vin-

ton, which developers alleged had been enacted without compliance with the statutory notice requirements. The Court affirmed the trial court's ruling that the ordinance was "null and void," rejecting the town's argument that the ordinance was validly enacted as an emergency measure under the town charter. 226 Va. at 65. See also *City of Alexandria v. Potomac Greens*, 245 Va. 371, 378 (1993) (zoning ordinance void *ab initio* where statutory notice requirement not met, even where municipal charter concerning notice may have been complied with).

"Zoning ordinances adopted without compliance with statutory procedures governing enactment will be held invalid." 1 Ziegler *Rathkopf's The Law of Zoning and Planning* § 10.01 (4th ed. 1996) pp. 10-12. Similarly, "This *ultra vires* principle, that a zoning ordinance will be held invalid if statutory procedures are not complied with, has been applied in a number of state court decisions." *Id.* at 10-16 (citing cases from twenty-six jurisdictions).

In *Pennington County v. Moore*, 525 N.W.2d 257 (S.D. 1994), the Supreme Court of South Dakota held that a county's failure to follow statutorily imposed procedures in enacting a zoning ordinance made it invalid and unenforceable, despite a twenty-year lapse between the enactment of the ordinance and the efforts to enforce it. The Court, noting that South Dakota law established that improperly adopted zoning regulations are invalid and will not be enforced, went on to consider that due process reasons required this result. The court stated:

> As explained in *Carter v. City of Salina*, 773 F.2d 251 (10th Cir. 1985), "It is the general rule that zoning ordinances are in derogation of common law property rights and find their authority through the state police power; accordingly, municipalities and other political subdivisions must scrupulously comply with statutory requirements, including notice and hearing, in order to provide due process of law. Ordinances which fail to comply with the state enabling statutes requiring notice and hearing are void . . . . Such procedural infirmities cannot be overlooked and the fact that such an ordinance has been "on the books" and in effect for a long period of time does not instill life into an ordinance which was void at its inception." *Id.* at 254.

A zoning ordinance which does not meet procedural requirements is void *ab initio*. When seeking to apply the specific requirements of recording the votes of individual members of a governing body, the general rule

is, of course, that "if the law requires the yeas and nays to be recorded as well as taken, the record is insufficient if they are not entered." 5 *McQuillen Municipal Corp.*, § 14.04 (3d ed. 1989).

The court is, therefore, constrained to hold that the zoning ordinance of the Town of Madison purportedly adopted October 25, 1972, at a special meeting of the town council is void *ab initio* because of the failure of the minutes to record the name of each member voting and how he voted.

Mr. Bradley shall prepare and circulate to Mr. Early an order, making reference to this letter ruling, and dismissing the Town's bill of complaint for injunction against Ms. Ford.