## CIRCUIT COURT OF LOUDOUN COUNTY

Gas Mart Corp.

v.

Loudoun County
Board of Supervisors

March 10, 2005

Case No. (Chancery) 22541

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion of the complainant to lift the stay and for partial summary judgment as to its claim, previously severed from that certain consolidated proceeding Chancery No. 03AOA000-00, on June 14, 2004. The issue addressed by the claim in Count I of the instant action and, until severed by the court, in Count VI of the consolidated proceeding concerns the alleged insufficiency of the published notice given in connection with the rezoning by the Board of Supervisors of land zoned RC-Commercial by Zoning Ordinance Amendments enacted on January 6, 2003. After reviewing the papers filed in connection with the instant motion and hearing the arguments of counsel, the Court granted the motion to lift the previous stay and determined that the Complainant had standing to pursue the issue. Counsel cannot agree on the wording of a decree reflecting the Court's ruling on the matter. Accordingly, the Court informed counsel that it would draft a written opinion that might simply be incorporated into a decree.

Although the instant claim was included in the consolidated proceeding, it was the subject of demurrer and motion to dismiss by the Board of Supervisors. In its letter opinion severing the matter from the consolidated proceeding, the Court noted than fewer than six claims were involved in the challenge and that strict adherence to the terms of the Decree of Consolidation and the provisions of the Virginia Multiple Claimants Act was required.

Under the Multiple Claimants Litigation Act, a court may consolidate civil actions if:

> 1. Separate civil actions brought by six or more plaintiffs involve common questions of law or fact and arise out of the same transaction, occurrence, or series of transactions or occurrences;

> 2. The common questions of law or fact predominate and are significant to the actions; and

> 3. The order (i) will promote the ends of justice and the just and efficient conduct and disposition of the actions . . . and (iii) does not prejudice each individual party's right to a fair and impartial resolution of each action.

Va. Code Ann. § 8.01-267.1 (2004).

Claims initially joined may be severed. Va. Code Ann. § 8.01-267.5. In the instant case the invitation to do so was at the behest of the Board. In addition, an appeal under the Multiple Claimants Litigation Act "shall not stay proceedings in the circuit court unless the circuit court or the appellate court shall so order." Va. Code Ann. § 8.01-267.8(C).

When viewing the facts of the present case in light of the aforementioned Code provisions, this is clearly a case where the Court may exercise its continuing jurisdiction over claims not falling within the guidelines of the Multiple Claimants Litigation Act. The RC notice claim was severed from the Consolidated Case because of an insufficient number of plaintiffs. Issues common to six or more plaintiffs were allowed to proceed in the Consolidated Case.

With regards to the second issue of standing, the Court finds that the Complainant is an aggrieved party with standing to assert that notice by advertisement under Va. Code Ann. § 15.2-2204(A) was defective. There is no provision in this Code section that allows waiver of notice by newspaper advertisement. Notice by advertisement is distinguishable from the written notice required under Va. Code Ann. § 15.2-2204(B). *See Sterrett v. Loudoun County Supervisors*, 26 Va. Cir. 83 (1991) (decided under prior law, the Court focused on the issue of actual written notice received by an aggrieved party and the waiver of such notice when the aggrieved party actively participates in the public hearing or proceedings regarding an ordinance or plan).

Therefore, the Court will lift the stay and allow the RC notice claim to go forward. It should be noted that the Complainants have to develop their own

record in terms of the issues that have been raised in the RC notice claim. Any RC notice claims may be heard together because they arise from a common issue arising from the same transaction or occurrence; however, the RC notice claims are not consolidated under the Multiple Claimants Litigation Act.

This matter may be scheduled for a hearing consistent with this opinion.